AEE

FILED
JANUARY 16, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| BOARD OF TRUSTEES of the PLUMBERS' LOCAL UNION NO. 93 U.A.; BOARD OF TRUSTEES of the PLUMBERS' LOCAL UNION NO. 93 U.A. RETIREMENT ACCOUNT FUND; BOARD OF TRUSTEES of the PLUMBERS' LOCAL UNION NO. 93 U.A. PENSION FUND; BOARD OF TRUSTEES of the PLUMBERS' LOCAL UNION NO. 93 U.A. HEALTH AND WELFARE FUND; BOARD OF TRUSTEES of the JOINT APPRENTICESHIP COMMITTEE FUND of the PLUMBING & HEATING INDUSTRY OF LAKE AND McHENRY COUNTIES; and The INDUSTRY ADVANCEMENT FUND; | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | **08 C 373** |
| | ) CIVIL ACTION ) ) NO. ) ) ) JUDGE: ) | **JUDGE SHADUR**  **MAGISTRATE JUDGE COX** |
| Plaintiffs, | ) ) | |
| vs. | ) MAGISTRATE JUDGE: ) ) | |
| DAWN FRANCO, an individual, | ) ) | |
| Defendant. | ) ) | |

## COMPLAINT

Now come Plaintiffs, the BOARD OF TRUSTEES of the PLUMBERS' LOCAL UNION NO. 93 U.A. *et al*., by and through their attorneys, JOHNSON & KROL, LLC, complaining of the Defendant, DAWN FRANCO (hereinafter referred to as "FRANCO") and allege as follows:

1.  This action arises under Section 502 of the Employee Retirement Income Security Act (hereinafter referred to as "ERISA") and Section 301 of the Labor-Management Relations Act. (29 U.S.C. § 1132 and 185). Jurisdiction is founded on the existence of federal questions arising thereunder.

1

2. The BOARD OF TRUSTEES of the PLUMBERS' RETIREMENT ACCOUNT FUND, LOCAL 93, The BOARD OF TRUSTEES of the PLUMBERS' PENSION FUND, LOCAL 93, The BOARD OF TRUSTEES of the PLUMBERS' HEALTH AND WELFARE FUND, LOCAL 93, and the BOARD OF TRUSTEES of the JOINT APPRENTICESHIP COMMITTEE FUND of the PLUMBING & HEATING INDUSTRY OF LAKE AND McHENRY COUNTIES are authorized to administer the PLUMBERS' RETIREMENT ACCOUNT FUND, LOCAL 93, The PLUMBERS' PENSION FUND, LOCAL 93, The PLUMBERS' HEALTH AND WELFARE FUND, LOCAL 93 and the JOINT APPRENTICESHIP COMMITTEE FUND of the PLUMBING & HEATING INDUSTRY OF LAKE AND McHENRY COUNTIES, respectively, (hereinafter referred to as the "TRUST FUNDS"), which receive contributions from numerous employers pursuant to Collective Bargaining Agreements between the employers and the PLUMBERS' ASSOCIATION, LOCAL UNION 93, U.A., (hereinafter referred to as the "UNION"), and therefore, are multi-employer plans under 29 U.S.C. § 414(f).  The Trust Funds are administered at 31655 North U.S. Highway 12, Volo, Illinois 60073.  Therefore, venue is proper in the Northern District of Illinois, Eastern Division.

3. The BOARD OF TRUSTEES of the INDUSTRY ADVANCEMENT FUND is authorized to administer the INDUSTRY ADVANCEMENT FUND (hereinafter referred to as "INDUSTRY FUND").

4. The Defendant FRANCO is the President of Four Seasons Heating and Cooling, Inc. (hereinafter referred to as "Four Seasons").

2

5. Four Seasons is an employer engaged in an industry affecting commerce which entered into a Subscription Agreement whereby it agreed to be bound by the provisions of the Collective Bargaining Agreement negotiated between the UNION and the Lake and McHenry Counties Plumbing & Heating Association for all times relevant to this action. (The Subscription is attached as Exhibit 1); (the Collective Bargaining Agreement is attached as Exhibit 2).

6. Through the agreements referred to in paragraph 5, Four Seasons also became bound by the provisions of the Agreements and Declarations of Trust which created the Trust Funds (hereinafter referred to as "Trust Agreements").

7. Pursuant to the provisions of the Collective Bargaining Agreements, Four Seasons was required to make monthly reports of hours worked by Covered Employees (hereinafter referred to as "monthly Contribution Reports") and pay contributions to the TRUST FUNDS and the INDUSTRY FUND for each hour worked at the rate specified in the Collective Bargaining Agreement and the Trust Agreements. The monthly reports and contributions during all times relevant were due on or before the 15th day of the calendar month following the calendar month during which the work was performed.

8. Pursuant to Section 502(g)(2) of ERISA, and the provisions of the Collective Bargaining Agreement and Trust Agreements, employers who fail to submit their monthly Contribution Reports and contributions to the TRUST FUNDS on a timely basis are responsible for the payment of liquidated damages equal to 10% of the amount unpaid and interest at the rate of 1% per month for each month that contributions remain unpaid, plus any reasonable attorneys fees and costs of maintaining suit.

9. Pursuant to the provisions of the Collective Bargaining Agreement and Trust

Agreements, employers who fail to submit their monthly Contribution Reports and contributions to the INDUSTRY FUND on a timely basis are responsible for the payment of liquidated damages equal to 10% of the amount unpaid and interest at the rate of 1% per month for each month that contributions remain unpaid, plus any reasonable attorneys fees and costs of maintaining suit.

10. Pursuant to the Collective Bargaining Agreement, Four Seasons is required to deduct UNION dues from its employee's paychecks (called working dues) and remit payment of those dues to the UNION.

11. Pursuant to the Collective Bargaining and Trust Agreements to which it is bound, Four Seasons incurred liability to the TRUST FUNDS, the INDUSTRY FUND and the UNION for unpaid contributions, working dues, liquidated damages, interest and attorney's fees and costs that accrued during the periods of April, May, and June of 2007.

12. On or about August 21, 2007, Four Seasons and FRANCO entered into a Settlement Agreement with the Plaintiffs that provided for the payment of unpaid contributions, union dues, liquidated damages, interest and attorney's fees totaling $235,781.11. (The Settlement Agreement is attached as Exhibit 3).

13. The Settlement Agreement obligated Four Seasons to pay the principal balance of $235,781.11 over a twenty-four (24) month period at 8.25% interest to begin on September 1, 2007.

14. The Settlement Agreement further obligated Four Seasons to submit all monthly Contribution Reports and payments for periods subsequent to July 1, 2007 in a timely manner.

15. The Settlement Agreement provided that any payment not received by the due date shall

constitute a default of the Settlement Agreement.

16. The Settlement Agreement provided that in the event of a default by Four Seasons, all remaining payments will be accelerated and become immediately due and payable, and Four Seasons and FRANCO confess judgment for any and all unpaid amounts. (Exhibit 3)

17. The Settlement Agreement further provided that "FRANCO shall be individually liable for all of the obligations of Four Seasons under the terms of [the] Agreement." (Exhibit 3)

18. Four Seasons and FRANCO have failed to submit monthly Contribution Reports for the months of November and December of 2007, and have failed to submit monthly contribution payments for the months of October, November, and December 2007.

19. Four Seasons' and FRANCO's failure to submit monthly Contribution Reports and payments is a violation of the terms of the Settlement Agreement, and therefore all delinquencies are immediately due and payable to the Plaintiffs.

19. Four Seasons and FRANCO owe to the Plaintiffs approximately $197,204.15 in unpaid contributions and working dues for the period of April 2007 through October 2007.

20. Four Seasons and FRANCO owe to the Plaintiffs approximately $27,366.79 in unpaid liquidated damages and interest charges for the period of April 2007 through October 2007.

21. Four Seasons and FRANCO have failed to submit Contribution Reports or the associated payments for the months of November and December 2007, resulting in the assessment of liquidated damages and interest in unknown amounts.

22. Plaintiffs have been required to employ the undersigned attorneys to collect the monies

due and owing from FRANCO.

23. On December 12, 2007, a Final Judgment was entered against Four Seasons by Honorable Judge Aspen of the United States District Court for the Northern District of Illinois, Eastern Division (case number 07-CV-3010) in the amount of $222,068.08.

24. Plaintiffs have complied with all conditions precedent in bringing this suit.

25. Defendant is obligated to pay the audit fees, attorney fees, and court costs incurred by the Plaintiffs pursuant to the Collective Bargaining Agreement, Trust Agreements and 29 U.S.C. §1132(g)(2)(D).

**WHEREFORE**, Plaintiffs pray:

A. That Judgment be entered in favor of Plaintiffs and against Defendant FRANCO in the Aggregate amount of $259,632.52.

B. That Defendant FRANCO be ordered to submit all missing Contribution Reports and the associated payments, including liquidated damages in the amount of 10% of the delinquent contributions, for the months of November and December.

C. That judgment be entered in favor of Plaintiffs and against Defendant FRANCO for whatever contributions, liquidated damages, interest and union dues are found to be due and owing in addition to the amount referred to in paragraphs A and B above.

D. That Defendant FRANCO be ordered to pay the reasonable audit fees, attorney fees and costs incurred by the Plaintiffs, 29 U.S.C. §1132(g)(2)(D) and the

  Settlement Agreement, in bringing this suit.

E. That Plaintiffs have such other and further relief as the Court may deem just and equitable all at the Defendant's cost, pursuant to 29 U.S.C. §1132(g)(2)(E).

                Respectfully submitted,

                JOHNSON & KROL, LLC


                BY: /s/ William P. Callinan - 6292500
                  One of Plaintiffs' Attorneys

Johnson & Krol, LLC
208 S. LaSalle, Suite 1602
Chicago, IL 60604
(312) 372-8587