IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| BOARD OF TRUSTEES of the PLUMBERS' LOCAL UNION NO. 93 U.A.; BOARD OF TRUSTEES of the PLUMBERS' LOCAL UNION NO. 93 U.A. RETIREMENT ACCOUNT FUND; BOARD OF TRUSTEES of the PLUMBERS' LOCAL UNION NO. 93 U.A. PENSION FUND; BOARD OF TRUSTEES of the PLUMBERS' LOCAL UNION NO. 93 U.A. HEALTH AND WELFARE FUND; BOARD OF TRUSTEES of the JOINT APPRENTICESHIP COMMITTEE FUND of the PLUMBING & HEATING INDUSTRY OF LAKE AND McHENRY COUNTIES; and The INDUSTRY ADVANCEMENT FUND; | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | CIVIL ACTION<br><br>NO. 08 CV 373<br><br>JUDGE: SHADUR |
| Plaintiffs, | ) ) | MAGISTRATE JUDGE: COX |
| vs. | ) ) | |
| DAWN FRANCO, an individual, | ) ) | |
| Defendant. | ) | |

**MOTION FOR DEFAULT JUDGMENT**

Now come Plaintiffs, the BOARD OF TRUSTEES of the PLUMBERS LOCAL UNION NO. 93 U.A., *et. al.,* by and through their attorneys, JOHNSON & KROL, LLC, and moves this Honorable Court for entry of Default Judgment against Defendant DAWN FRANCO ("FRANCO"), pursuant to Rule 55(b) of the Federal Rules of Civil Procedure and in support thereof, states as follows:

1.      On January 16, 2008, the Complaint in the above-captioned matter was electronically filed in the United States District Court for the Northern District of Illinois, Eastern Division.

1

2. On several occasions throughout February of 2008, a process server attempted to effectuate Service of the Summons and Complaint on Dawn Franco at her residence, but was unable to do so. (The service attempts are detailed in an Affidavit attached as Exhibit 1).

3. In March of 2008, at Plaintiffs' request, the McHenry County Sherriff's Office attempted to effectuate service on the Defendant. After several failed attempts the Sherriff concluded that Ms. Franco was "possibly avoiding service." (A copy of the Sheriff's Affidavit is attached as Exhibit 2).

4. Additionally, in March of 2008, Plaintiffs' attorney attempted to send the Summons and Complaint via UPS Overnight mail requesting a signature of an adult living at the household. However, after three attempts by UPS, no one answered the door to sign for the package containing the Summons and Complaint.

5. Personal service of the Summons and Complaint on the Defendant was not feasible after several attempts.

6. Due to the Plaintiffs' belief that Defendant FRANCO was evading service, Plaintiffs moved this Court to authorize service by publication on April 4, 3008.

7. On April 4, 2008 this Honorable Court granted Plaintiffs' Motion for Service by Publication, which requires service of FRANCO through the procedures for service by publication as provided in 735 Ill. Comp. Stat. 5/2-206 (2006).

8. 735 Ill. Comp. Stat. 5/2-206 (2006) requires that a notice be published in a newspaper where the action is pending and contain the following information: the pendency of the action, the title of the court, the title of the case, showing the names of the first named plaintiff and the first named defendant, the case number, the names of the parties to be served by publication, and the date on or after which default may be entered against such party.

9. The Illinois statute regarding Service by Publication requires that the notice be published at least once during each week for 3 successive weeks. 735 Ill. Comp. Stat. 5/2-206 (2006).

10. The Illinois statute further requires that a copy of the printed publication be mailed via U.S. Mail to the defendant within 10 days of the initial publication. *Id.* The statute also provides that upon meeting the above-stated requirements, the Plaintiff may move for Default after at least 30 days has past from the date of the first publication. 735 Ill. Comp. Stat. 5/2-206 (2006).

11. On April 12, 19, and 26, and May 3, 2008, a notice (attached as Exhibit 3) containing the required information about the pendency of the action against the Defendant was published in the *Northwest Herald* (a certificate of publication from the *Northwest Herald* verifying such publication is attached as Exhibit 4). The *Northwest Herald* is a newspaper of general distribution in McHenry County – the county where FRANCO resides.

12. On April 18, 2008, the Plaintiffs mailed a letter to defendant via Priority Mail (attached as Exhibit 5), which stated that notice is being published and that she has an obligation to file a responsive pleading. A copy of the Summons and Complaint and the published notice were also included with the letter.

13. The Plaintiffs' publication and subsequent actions fulfill the requirements of Illinois' service by publication statute and, therefore, constitute sufficient service according to Rule 4(e)(1) of the Federal Rules of Civil Procedure, which provides that Service of Process can be effectuated on a person by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made."

14. The Court may render a Default Judgment against a party who has not filed a responsive pleading or otherwise defended the suit. (Fed. R. Civ. P. 55(a)(b)(2)).

15. This Court should render a Default Judgment against Defendant in this case because the Defendant did not file an Answer or otherwise plead within 30 days of April 12, 2008, the first date that the notice was published. 735 Ill. Comp. Stat. 5/2-206 (2006).

16. Defendant FRANCO currently owes the Plaintiffs delinquent contributions and union dues, liquidated damages, interest, and reasonable attorneys fees owed pursuant to the Settlement Agreement entered in August 2007 in the amount of $217,314.90. (Settlement Agreement is attached as Exhibit 6).

17. Furthermore, Defendant FRANCO is currently owes $90,476.01 in unpaid contributions and union dues, $8,467.89 in liquidated damages, and $5,248.49 in interest for the October, November and December 2007 contribution periods. (An Affidavit executed by the Plaintiffs' Benefits Funds Manager verifying the amounts due and owing is attached as Exhibit 7).

18. Moreover, Defendant FRANCO currently owes the Plaintiffs $17,707.00 in attorney's fees and costs associated with collection. (Affidavit attached as Exhibit 8).

19. Plaintiffs respectfully request this Honorable Court enter Default Judgment in favor of Plaintiffs and against Defendant FRANCO for all amounts due under the settlement agreement, unpaid contributions, liquidated damages, interest charges, and attorney's fees and costs.

20. A draft Default Judgment Order is attached hereto as Exhibit 9.

WHEREFORE, Plaintiffs pray that this Court enter Default Judgment in favor of

Plaintiffs and against Defendant.

                                                Respectfully submitted,

By:    /s/ Joseph E. Mallon – 6280529
         Attorney for Plaintiffs

JOHNSON & KROL, LLC
208 South LaSalle Street, Suite 1602
Chicago, IL 60604
(312) 372-8587